UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Case No. 3:09-CR-149 JD |
| | ) | 3:14-CV-1609 JD |
| JAKE RICHARDSON III | ) | |

## OPINION AND ORDER

Now before the Court are defendant Jake Richardson's motion under 28 U.S.C. § 2255, and his counsel's motion to withdraw. [DE 120, 144]. Mr. Richardson is seeking relief from his sentence based upon the Fair Sentencing Act and the Supreme Court's holding in *Dorsey v. United States*, arguing that even though his sentence falls below the statutory maximum range of imprisonment, it was imposed based on an erroneous calculation of his advisory guideline sentencing range and should be vacated. The Court appointed counsel to assist Mr. Richardson with his motion, but counsel has now moved to withdraw on the basis that he cannot identify any argument that would not be wholly frivolous. The Court invited Mr. Richardson to respond and to supplement his § 2255 motion, but he has not done so. For the following reasons, Mr. Richardson's motion under § 2255 is DENIED, and Mr. Rehak's motion to withdraw is GRANTED.

### I. FACTUAL BACKGROUND

Mr. Richardson was indicted on November 12, 2009 on one count of possessing over five grams of cocaine base with the intent to deliver, in violation of 21 U.S.C. § 841(a)(1). Mr. Richardson subsequently entered into a binding plea agreement, in which he agreed to plead guilty in exchange for an agreement that his sentence would not exceed 144 months. [DE 46]. However, at a sentencing hearing on September 16, 2010, the Court rejected the binding plea agreement, finding that a sentence of only 144 months would undermine the statutory purposes

of sentencing. [DE 61]. The Court offered Mr. Richardson an opportunity to consider whether to persist in his guilty plea or to withdraw the plea and proceed to trial. On October 27, 2010, Mr. Richardson moved to withdraw his guilty plea, as was his right, [DE 68, 79], and after a three-day jury trial, Mr. Richardson was found guilty. [DE 85].

Mr. Richardson's sentencing took place on January 13, 2011. At sentencing, both the Defendant and the government agreed that the applicable guideline sentencing range was 210 to 262 months of incarceration. Mr. Richardson qualified as a career offender pursuant to guidelines section 4B1.1(a), so his criminal history category automatically became VI, and his offense level was determined based on the statutory maximum sentence for his offense of conviction. U.S.S.G. § 4B1.1(b). The penalty provisions in effect at the time of Mr. Richardson's offense provided for a term of imprisonment of at least 5 years but not more than 40 years, based on the jury's finding that Mr. Richardson was responsible for over 5 grams of cocaine base, which triggered the enhanced penalties under 21 U.S.C. § 841(b)(1)(B). Based on his statutory maximum term of imprisonment of 40 years, Mr. Richardson's offense level under the career offender guideline was 34. U.S.S.G. § 4B1.1(b)(2).

Between the time Mr. Richardson committed his offense and when he was sentenced, the Fair Sentencing Act was enacted and became effective, and raised the threshold for triggering enhanced statutory penalties to 28 grams of cocaine base. Because the jury only found Mr. Richardson responsible for 5 grams, Mr. Richardson would not have been subject to the enhanced penalty provision had the Fair Sentencing act applied, and his statutory sentencing range would have been 0 to 20 years. These reduced statutory penalties would have also lowered his offense level under the career offender guideline to 32. U.S.S.G. § 4B1.1(b)(3). However, in accordance with Seventh Circuit precedent holding that the Fair Sentencing Act was not

2

retroactive, *United States v. Bell*, 624 F.3d 803, 814 (7th Cir. 2010) ("[W]e conclude that the savings statute operates to bar the retroactive application of the FSA."), *see also United States v. Fisher*, 635 F.3d 336 (7th Cir. 2011) *rev'd sub nom. Dorsey v. United States*, 132 S. Ct. 2321 (2012), the Court determined Mr. Richardson's offense level as a career offender guideline based on the pre-Fair Sentencing Act statutory penalties—a maximum term of imprisonment of 40 years, leading to an offense level of 34.

After a two-level reduction, the Court calculated Mr. Richardson's total offense level at 32. In combination with his criminal history category of VI, this placed the guidelines range at 210 to 262 months of imprisonment. The government recommended a sentence of 262 months' imprisonment, while defense counsel recommended a sentence of 210 months. After considering the factors under 18 U.S.C. § 3553(a), the Court imposed a sentence of 236 moths of imprisonment. Mr. Richardson then filed a notice of appeal. In his appeal, Mr. Richardson argued only that the Court should have suppressed certain evidence, and the only relief he sought was a new trial. However, the Seventh Circuit found no error, and affirmed Mr. Richardson's conviction on September 27, 2011. [DE 117].

Mr. Richardson made no further filings until July 12, 2013. [DE 120]. In the interim, though, the Supreme Court held in *Dorsey v. United States*, 132 S. Ct. 2321 (2012) that the Fair Sentencing Act applied retroactively to all defendants who were sentenced after the Act's effective date, regardless of when they committed their offenses. Under *Dorsey*, which was decided on June 21, 2012, Mr. Richardson's statutory sentencing range became 0 to 20 years of imprisonment, which would have translated to a base offense level under the career offender guideline of 32 instead of 34. In Mr. Richardson's July 12, 2013 motion, he sought a reduction in his sentence, primarily based on 18 U.S.C. § 3582 and the retroactive amendment to the drug

quantity tables as to crack cocaine. [DE 120]. In an order dated December 16, 2013, the Court found that Mr. Richardson was ineligible for any relief under § 3582, since he was sentenced under the career offender guideline, which had not been retroactively amended, and denied his motion to the extent it sought relief on that basis. [DE 129]. Mr. Richardson's motion also sought relief resembling that of a motion under 28 U.S.C. § 2255. However, while it appeared that a procedural error had affected the Guidelines range under which Mr. Richardson was sentenced, the Court noted that § 2255 was unlikely to provide Mr. Richardson any relief either. Thus, after cautioning Mr. Richardson as to § 2255's limitations on second and successive motions, the Court directed Mr. Richardson to expressly notify the Court if he wished his motion to be considered under § 2255.

On December 24, 2013, Mr. Richardson responded to the Court's order by requesting that his motion be construed under § 2255, and he requested appointment of counsel to assist him with that matter. [DE 130]. The Court granted Mr. Richardson's request for appointment of counsel, [DE 131], and Michael Rehak entered his appearance on Mr. Richardson's behalf on January 31, 2014. [DE 133]. Mr. Rehak has since written to Mr. Richardson to urge him to withdraw his petition, as Mr. Rehak believes that Mr. Richardson is ineligible for any relief under § 2255. However, Mr. Richardson has not responded, so Mr. Rehak now asks to withdraw his appearance on the basis the § 2255 petition is frivolous. The Court invited Mr. Richardson to respond to the motion to withdraw and to present any argument in support of his motion, but he has not done so.

## II. STANDARD OF REVIEW

Section 2255(a) of Title 28 provides that a federal prisoner may claim "the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that

4

the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, [and] may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). The Seventh Circuit has recognized that § 2255 relief is appropriate only for "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Harris v. United States,* 366 F.3d 593, 594 (7th Cir. 2004) (citation omitted). Further, "a Section 2255 motion is neither a recapitulation of nor a substitute for a direct appeal." *Olmstead v. United States*, 55 F.3d 316, 319 (7th Cir. 1995) (citation omitted). Relief under § 2255 is extraordinary because it seeks to reopen the criminal process to a person who has already had an opportunity of full process. *Almonacid v. United States,* 476 F.3d 518, 521 (7th Cir. 2007) (citing *Kafo v. United States,* 467 F.3d 1063, 1068 (7th Cir. 2006)). Consequently, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rule 4, Rules Governing Section 2255 Proceedings for the United States District Courts. A court may also deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

### III. DISCUSSION

Mr. Richardson's motion under § 2255 is based on his argument that the guidelines sentencing range that the Court calculated at the time of his sentencing was mistaken in light of *Dorsey*. Mr. Richardson's case is on all fours with *Dorsey*, so he is correct to the extent that if his sentencing were held today, his total offense level would be 30 and his guideline sentencing range would be 168 to 210 months, not 210 to 262, as the Court calculated at his actual sentencing. Nonetheless, there are at least two reasons why Mr. Richardson is ineligible for any relief under § 2255, both of which the Court discussed in its December 16, 2013 Order.

5

First, Mr. Richardson's motion is untimely. A motion under § 2255 must be filed within one year of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Mr. Richardson's initial motion, filed on July 8, 2013, was not filed within one year of any of these dates. His conviction became final after the court of appeals affirmed his conviction and sentence on direct appeal on September 27, 2011. [DE 117]. Next, assuming that *Dorsey* announced a newly recognized right and made it retroactively applicable to cases on collateral review, *Dorsey* was decided on June 21, 2012, more than one year before Mr. Richardson's motion, so his motion is not timely under that prong. Finally, Mr. Richardson has not provided any facts from which to conclude that the government had impeded his ability to bring his motion or that he discovered any of the facts supporting his claims within one year of his filing. Accordingly, Mr. Richardson's motion must be denied as untimely.

Second, even if Mr. Richardson had timely filed his motion, § 2255 does not permit a court to correct the type of errors at issue here. After the Fair Sentencing Act, as interpreted by the Supreme Court in *Dorsey*, the statutory sentencing range for Mr. Richardson's offense was zero to twenty years. 21 U.S.C. § 841(b)(1)(C). Mr. Richardson's sentence of 236 months (nineteen and two-thirds years) fell within that statutory range, and was thus a legal sentence. *See United States v. Hernandez*, 330 F.3d 964, 980 (7th Cir. 2003) ("We have repeatedly stated that

6

in drug cases, *Apprendi* has no application where a drug dealer is given a sentence at or below the [20-year] maximum provided in § 841(b)(1)(C)."). The error that occurred in imposing Mr. Richardson's sentence only affected the calculation of the range of imprisonment under the advisory Sentencing Guidelines—at sentencing, the Court calculated that advisory guideline sentencing range as 210 to 262 months, but given the Supreme Court's later holding in *Dorsey*, that range should have been 168 to 210 months.

As the Seventh Circuit has recognized on multiple occasions, though, "deviations from the Sentencing Guidelines generally are not cognizable on a § 2255 motion." *United States v. Coleman*, No. 12-2621, 12-2762, 2014 WL 3956731, at *2 (7th Cir. Aug. 14, 2014); *Welch v. United States*, 604 F.3d 408, 412 (7th Cir. 2010). "'[N]ot every error is corrigible in a post-conviction proceeding, even if the error is not harmless.'" *Id.* (quoting *Hawkins v. United States*, 706 F.3d 820, 823 (7th Cir. 2013)). Rather, relief under § 2255 is available "'only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice.'" *Id.* (quoting *Blake v. United States*, 723 F.3d 870, 878–79 (7th Cir. 2013)).

In *Hawkins*, the district court calculated the defendant's guidelines sentencing range at 151 to 188 months, based on the career offender guideline, U.S.S.G. § 4B1.1(a), and sentenced him to 151 months of imprisonment. 706 F.3d at 821–22. The district court's calculation was correct under the applicable law at the time of sentencing, but based on subsequent Supreme Court decisions, the career offender guideline should not have applied, and the defendant's guidelines sentencing range should have been only 15 to 21 or 24 to 30 months of imprisonment. *Id.* The defendant filed a motion under § 2255 seeking to correct this error, but the Seventh Circuit held that such an error was not cognizable in a proceeding under § 2255, as opposed to

7

on direct appeal. *Id.* at 823. Emphasizing that the Sentencing Guidelines were only advisory at the time of the defendant's sentencing, the court held that § 2255 did not allow it to correct such Guidelines errors on collateral review. *Id.* at 824 ("There is a difference between reversing an error on appeal and correcting the error years later. An erroneous computation of an advisory guidelines sentence is reversible (unless harmless) on direct appeal; it doesn't follow that it's reversible years later in a postconviction proceeding."). More recently, in an opinion written by Judge Rovner, who dissented from the court's opinion in *Hawkins*, the Seventh Circuit reiterated that the erroneous application of the career offender guideline was not cognizable on collateral review. *Coleman*, 2014 WL 3956731, at *2 (Judge Rovner noting that "[a]lthough [she] dissented, repeatedly, from that holding [in *Hawkins*], it is now the law of this circuit").

*Hawkins* and *Coleman* are not meaningfully distinguishable from this case. The cases each involve calculations of the advisory Sentencing Guidelines that became erroneous based on subsequent developments of the law. While those calculations may have had some effect on the sentences that were ultimately imposed, the ultimate sentences were all within the proper statutory sentencing ranges. Though *Hawkins* and *Coleman* involved *whether* the career offender guideline should apply, rather than *how* it should apply, as here, where both parties agree Mr. Richardson qualifies as a career offender, the result in either event relates only to the calculation of the Guidelines. Accordingly, Mr. Richardson's claim that his guideline sentencing range was calculated incorrectly is not cognizable on a § 2255 motion, and the Court has no authority to grant relief on that basis.

Mr. Richardson also suggested in his initial filing that the Guidelines error affected not only his ultimate sentence, but the Court's consideration of whether to accept his binding plea agreement, as well. But that is merely another way of arguing that the error was not harmless,

8

and "even errors that are not harmless may not be cognizable in a § 2255 proceeding." *Coleman*, 2014 WL 3956731, at *4. Deciding whether to reject a binding plea agreement and deciding which particular sentence to impose both involve determinations as to what is a reasonable sentence, and as *Hawkins* and *Coleman* establish, errors in calculating the advisory guideline sentencing range *en route* to such determinations are not cognizable under § 2255. The fact that the Court's determination manifested itself at that point in rejecting the binding plea agreement, rather than by imposing a higher sentence, as it did at the ultimate sentencing hearing, thus does not lead to a different result. Importantly, any Guidelines error did not affect Mr. Richardson's ability to plead guilty—he was free to persist in his plea of guilty despite the Court's rejection of his plea agreement, but he chose to withdraw his plea and proceed to trial. [DE 68]. Thus, any impact the Guidelines calculation may have had on the Court's consideration of Mr. Richardson's plea agreement does not affect whether any errors in that calculation are cognizable on a motion under § 2255.

For these reasons, Mr. Richardson is ineligible for any relief under § 2255, so the Court DENIES the motion. Because Mr. Richardson has not alleged any facts that would avoid the limitations period, nor could any facts adduced at a hearing affect the cognizability of his claim, no hearing is warranted. Mr. Rehak's motion to withdraw as counsel is therefore GRANTED.

## IV.  CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and the Rule permits the Court to hear further argument on whether a certificate of appealability should issue.  A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c); Rule 11, Rules Governing Section 2255 Proceedings for the United States

9

District Courts. The substantial showing standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (quotation marks omitted) (quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 & n.4 (1983)); *see Young v. United States*, 523 F.3d 717 (7th Cir. 2008). A defendant is not required to show that he will ultimately succeed on appeal. *Miller-El v. Cockrell,* 537 U.S. 322, 342 (2003) (stating that the question is the "debatability of the underlying constitutional claim, not the resolution of that debate").

Additional argument is not necessary here because nothing before the Court suggests that jurists of reason could debate the correctness of the Court's rulings herein, nor could there be a debate about whether the issues presented deserve further proceedings. Mr. Richardson's filing was untimely, and he has presented no grounds for tolling the limitations periods. Further, although the cognizability of a claim such as Mr. Richardson's on collateral review is not beyond reasonable debate, the law in this Circuit unequivocally forecloses this claim. As a result, the Court declines to issue the Defendant a certificate of appealability.

The Court advises Mr. Richardson that pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, when the district judge denies a certificate of appealability, the applicant may request a circuit judge to issue the certificate. The Court further advises Mr. Richardson that Rule 4(a) of the Federal Rules of Appellate Procedure governs the time to appeal an order entered under the rules governing § 2255 proceedings. *See* Rule 11(b), Rules Governing Section 2255 Proceedings for the United States District Courts. Under Rule 4(a), when the United States is a party in a civil case, any notice of appeal may be filed by any party within 60 days after the judgment or order appealed from is entered. Fed. R. App. P. 4(a); *Guyton v. United States*, 453

F.3d 425, 427 (7th Cir. 2006) (stating that "the time to contest the erroneous denial of [the defendant's] first § 2255 motion was within 60 days of the decision").

## V. CONCLUSION

The Court GRANTS Mr. Rehak's motion to withdraw as counsel [DE 144]; DENIES Mr. Richardson's motion under § 2255; and declines to issue a certificate of appealability.

SO ORDERED.

ENTERED: September 22, 2014

/s/ JON E. DEGUILIO
Judge
United States District Court